[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10831
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 8, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00417-WSD-CCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO LUIS PINEDA-BERMUDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 8, 2010)

Before EDMONDSON, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Mario Luis Pineda-Bermudez appeals his 46-month sentence imposed after

pleading guilty to reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, Pineda-Bermudez argues that his sentence, which is at the bottom of the advisory guidelines range, is substantively unreasonable. After review, we affirm.

## I. BACKGROUND

**A. Offense Conduct**

In 1995, Pineda-Bermudez, a citizen of Mexico, was convicted of mutliple cocaine trafficking offenses in California state court. In 1999, after serving his sentence, Pineda-Bermudez was deported from the United States. Sometime in 2008, Pineda-Bermudez illegally reentered the United States.

In April 2009, Pineda-Bermudez was arrested in Gwinnett County, Georgia for possession with intent to distribute marijuana. On September 9, 2009, Pineda-Bermudez pled guilty to the state marijuana possession charge and received a five-month sentence, which was credited as time served.

Following his plea, Pineda-Bermudez was held at the Gwinnett County Detention Center on an Immigration and Customs Enforcement ("ICE") detainer. On September 14, 2009, Pineda-Bermudez was transferred to ICE custody until his September 29, 2009 initial appearance on the federal illegal reentry charge.

2

On December 3, 2009, Pineda-Bermudez pled guilty to the offense of reentering the United States without the express consent of the Attorney General after having been deported, in violation of 8 U.S.C. § 1326(a).

**B.     Sentencing**

The presentence investigation report ("PSI") calculated a total offense level of 21 and a criminal history category of III, which yielded an advisory guidelines range of 46 to 57 months' imprisonment. The statutory maximum sentence for illegal reentry by a deported alien in violation of 8 U.S.C. § 1326(a) is twenty years' imprisonment. See 8 U.S.C. § 1326(b)(2).

Pineda-Bermudez objected to the PSI's assigning two criminal history points for his 2009 Georgia marijuana possession conviction, arguing that it was part of his reentry offense. The district court overruled Pineda-Bermudez's objection and adopted the PSI's guidelines calculations. Pineda-Bermudez asked for a downward variance, stressing that: (1) he did not receive credit for the three weeks he spent under the ICE detainer and in ICE administrative custody; (2) he suffers from a hernia; and (3) he posed no risk of recidivism because he intends to return to Mexico to live with his wife and children.

The district court denied Pineda-Bermudez's request for a downward

variance. The district court acknowledged that Pineda-Bermudez was less likely to reenter the United States if his family lived in Mexico. As for the ICE detention, the district court emphasized the short period of time involved and concerns for uniformity of sentences between judges. The district court concluded that the Bureau of Prisons should determine credit for such detentions and that it could "accommodate this by determining where within the guideline range to sentence . . . ."

The district court determined that a sentence "somewhere near the lower end" of the advisory guidelines range was appropriate. As for Pineda-Bermudez's hernia, the district court stated that it would "talk to the marshal" about an immediate evaluation to see if Pineda-Bermudez was a candidate for surgery. The district court stated that it had considered the 18 U.S.C. § 3553(a) factors, and found the range fair and reasonable because it "takes into account the nature and characteristics of you and the offense that you committed, that it does deter you specifically and others, as it tells them that these are offenses, especially re-entry offenses, with your sort of history, that we treat seriously and impose serious punishments." The district court imposed a 46-month sentence, the low end of Pineda-Bermudez's advisory guidelines range of 46 to 57 months' imprisonment.

## II. DISCUSSION

We review the substantive reasonableness of a sentence under the abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).[1] The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in light of both the record and the § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).[2] We ordinarily expect a sentence within the advisory guidelines will be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

Here, we conclude that Pineda-Bermudez's 46-month sentence is reasonable. Pineda-Bermudez illegally entered the United States, committed several criminal offenses, including drug trafficking offenses, and was deported back to Mexico. Pineda-Bermudez then illegally reentered the United States and

---

[1]Pineda-Bermudez does not challenge the district court's guidelines calculations or in any other way argue that his sentence is procedurally unreasonable.

[2]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

committed another drug trafficking offense. Considering the totality of the circumstances, Pineda-Bermudez's illegal reentry is a serious offense, and we reject Pineda-Bermudez's argument that the district court's 46-month sentence overstates its seriousness. We also reject Pineda-Bermudez's claim that his sentence is so harsh that it promotes disrespect for the law.

In concluding that the advisory guidelines range was "fair" in Pineda-Bermudez's case, the district court emphasized the seriousness of the offense and the need for the sentence to reflect that seriousness and to deter him and others like him (i.e., with a drug-trafficking history) in future. The district court considered Pineda-Bermudez's arguments in mitigation and concluded that the mitigating facts militated in favor of a sentence at the low end of the advisory guidelines range, but did not support a variance below that range. We cannot say the district court abused its discretion in imposing a 46-month sentence.

**AFFIRMED.**